UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS DAVIS,<br><br>   Plaintiff,<br><br> v.<br><br>PAM, et al.,<br><br>   Defendants. | No. 2:21-cv-0634 KJN P<br><br>ORDER |

  Plaintiff is a state prisoner housed in the Sacramento County jail, proceeding pro se.[1] Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

  As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in

---

[1] Plaintiff is an AB 109 inmate serving his prison sentence in county jail. (ECF No. 6.)

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court directs the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges that while working with a dull knife, steadily cutting, the knife slipped and badly severed plaintiff's thumb. Plaintiff claims he needed stitches, but never received the proper medical attention. Plaintiff claims that he did not sign a release of liability and was not provided proper training on how to use a knife. Plaintiff states he was given days off with improper healing. As defendants, plaintiff names Pam and Tammy ("the boss") who are both free staff who work in the RCCC kitchen. Plaintiff sets forth no specific relief he seeks.

Eighth Amendment: Prison Work Conditions

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison or while housed at the county jail and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832. A plaintiff alleging that conditions of confinement amount to cruel and unusual punishment prohibited by the Eighth Amendment must satisfy a two-prong test. Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a plaintiff must satisfy an objective test showing that "he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, courts consider the

circumstances, nature, and duration of the deprivation. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Second, the plaintiff must show that the prison official inflicted the deprivation with a "sufficiently culpable state of mind," that is, with "deliberate indifference" to his health or safety. Farmer, 511 U.S. at 834. The deliberate indifference standard requires that the official know of and disregard an excessive risk to inmate health or safety. See id. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id.

"[T]he Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to 'perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.'" Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam)); see also Wallis v. Baldwin, 70 F.3d 1074 (9th Cir. 1995) (analyzing under the Eighth Amendment a prisoner's claim that his health was endangered when he was forced to remove asbestos without protective gear).

Here, the complaint fails to state a claim for an Eighth Amendment violation, as both prongs of an Eighth Amendment claim are missing. Using a dull knife does not amount to an objectively serious condition. Compare Osolinski v. Kane, 92 F.3d 934, 936 (9th Cir. 1996) (defective prison oven, by itself, does not create objectively insufficiently humane condition in violation of the Eighth Amendment), and id. at 938 (noting that "minor safety hazards were found not to violate the Eighth Amendment" in earlier cases involving the existence of a greasy staircase which caused a prisoner to slip and fall, the failure to repair leaking dishwasher which resulted in a pool of soapy water in which prisoner slipped, and a slippery kitchen floor), with Morgan, 465 F.3d at 1044, 1046 (summary judgment on Eighth Amendment claim properly denied in case brought by prisoner whose thumb was torn off by a printing press that was known to have loose chains that "caused the press to buck and shake"), and Wallis, 70 F.3d at 1076-77 (requiring inmates to clean from attic material known to contain dangerous asbestos without protective gear demonstrated deliberate indifference). Cutting one's thumb while using a dull knife to cut vegetables is insufficient to demonstrate an Eighth Amendment violation. Plaintiff

does not allege an objectively serious condition necessary for an Eighth Amendment conditions of confinement claim.

The complaint also does not allege that any defendant acted with the requisite mental state of deliberate indifference, i.e., that a prison official knew of and disregarded an excessive risk to plaintiff's health or safety. See Farmer, 511 U.S. at 837. Plaintiff identifies no wrongdoing by any particular defendant.

Eighth Amendment: Inadequate Medical Care

Plaintiff refers to "improper healing" and alleges he suffered an "injury of needed stitches." (ECF No. 1 at 3.) Liberally construed, plaintiff could be attempting to claim that jail staff failed to provide plaintiff medical care. However, plaintiff fails to explain how his injury was not properly treated, or by whom. Thus, it is unclear whether plaintiff can state a cognizable Eighth Amendment claim based on deliberate indifference to his serious medical needs. In an abundance of caution, plaintiff is provided with the standards governing such claims in the event he is able to amend his complaint to state a cognizable Eighth Amendment claim.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 39 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment,

the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi, 391 F.3d at 1057 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Leave to Amend

For the above reasons, plaintiff's complaint must be dismissed.[2] In an abundance of caution, the court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g.,

---

[2] On May 26, 2021, plaintiff wrote a letter inquiring whether he qualifies for early release and, if so, what steps to take. (ECF No. 6.) Plaintiff is advised that this court cannot provide legal advice.

6

West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court shall send plaintiff the form for filing a § 1983 action by a prisoner.

Dated: June 1, 2021

/davi0634.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

|    |    |
|---|---|
| DEMETRIUS DAVIS, | No. 2:21-cv-0634 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| PAM, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff submits the following document in compliance with the court's order filed_____.

_____    Amended Complaint

DATED:

_____
Plaintiff