UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS DAVIS,<br><br>          Plaintiff,<br><br>     v.<br><br>PAM, et al.,<br><br>          Defendants. | No. 2:21-cv-0634 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's Amended Complaint

Plaintiff again alleges that he was not provided "training or instruction" on the use of commercial equipment. (ECF No. 9 at 3.) In his second claim, plaintiff alleges that his Eighth Amendment rights were violated. He states that after slicing his thumb, he reported it to his immediate supervisor, defendant Pam, who walked away claiming she could not take the blood. A few minutes later, Officer Bryant told plaintiff to go to medical. Plaintiff went to medical where he was seen by an unidentified nurse. The nurse told plaintiff she would refer plaintiff to a doctor and that plaintiff "probably needed stitches." (ECF No. 9 at 4.) The nurse put on a band-aid and told plaintiff he would be called by the doctor. Plaintiff was called by the doctor three weeks later, and was told it was too late for stitches. Now plaintiff has no feeling in his thumb. Plaintiff seeks money damages.

Discussion

Eighth Amendment: Prison Work Conditions

The Constitution does not mandate comfortable prisons, but neither does it permit

inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison or while housed at the county jail and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993).  The Eighth Amendment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care, and personal safety.  See Farmer, 511 U.S. at 832.  A plaintiff alleging that conditions of confinement amount to cruel and unusual punishment prohibited by the Eighth Amendment must satisfy a two-prong test.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  First, a plaintiff must satisfy an objective test showing that "he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834.  In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, courts consider the circumstances, nature, and duration of the deprivation.  See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  Second, the plaintiff must show that the prison official inflicted the deprivation with a "sufficiently culpable state of mind," that is, with "deliberate indifference" to his health or safety.  Farmer, 511 U.S. at 834.  The deliberate indifference standard requires that the official know of and disregard an excessive risk to inmate health or safety.  See id. at 837.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  See id.

"[T]he Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to 'perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.'" Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam)); see also Wallis v. Baldwin, 70 F.3d 1074 (9th Cir. 1995) (analyzing under the Eighth Amendment a prisoner's claim that his health was endangered when he was forced to remove asbestos without protective gear).

Plaintiff again fails to state a claim concerning the initial incident of slicing his thumb.  Plaintiff provides even less facts than he did in his original complaint; in fact, he fails to explain how he sliced his thumb or what he was using when he sliced his thumb.  As the court previously

informed plaintiff, "[c]utting one's thumb," standing alone, is not objectively serious.  (ECF No 7 at 4.)  Compare Osolinski v. Kane, 92 F.3d 934, 936 (9th Cir. 1996) (defective prison oven, by itself, does not create objectively insufficiently humane condition in violation of the Eighth Amendment), and id. at 938 (noting that "minor safety hazards were found not to violate the Eighth Amendment" in earlier cases involving the existence of a greasy staircase which caused a prisoner to slip and fall, the failure to repair leaking dishwasher which resulted in a pool of soapy water in which prisoner slipped, and a slippery kitchen floor), with Morgan, 465 F.3d at 1044, 1046 (summary judgment on Eighth Amendment claim properly denied in case brought by prisoner whose thumb was torn off by a printing press that was known to have loose chains that "caused the press to buck and shake"), and Wallis, 70 F.3d at 1076-77 (requiring inmates to clean from attic material known to contain dangerous asbestos without protective gear demonstrated deliberate indifference).

      Plaintiff also identifies no particular defendant in connection with this claim, and also fails to show that such defendant acted with a culpable state of mind, i.e., that a prison official knew of and disregarded an excessive risk to plaintiff's health or safety.  See Farmer, 511 U.S. at 837.

      While it appears unlikely plaintiff can amend to state an Eighth Amendment claim based on slicing his thumb while working in the prison kitchen, plaintiff is granted one final opportunity in which to attempt to do so.

      As for plaintiff's Eighth Amendment medical claim, deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Jett, 39 F.3d at 1096.  While it was insensitive for defendant Pam to walk away from plaintiff after his injury, his allegations make clear that his medical treatment was not unduly delayed as a result.  Rather, it was only minutes later that Officer Bryant advised plaintiff to go to medical, where a nurse applied a band-aid.  Given that plaintiff now has no feeling in his thumb, plaintiff may be able to state a cognizable Eighth Amendment claim based on the three-week delay in having his finger treated by a doctor.  But in order to do so, plaintiff must identify the individual responsible for the

delay, and also plead facts demonstrating that the individual acted with a culpable state of mind.[1] It is unclear from the amended complaint whether the delay was caused by the nurse or the doctor, and the reason for the delay is also unclear. Plaintiff may need to review his medical records to make such a determination. Plaintiff is cautioned that the court is unable to serve an unidentified individual named as a defendant.

Therefore, the court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.

---

[1] In demonstrating deliberate indifference, plaintiff must allege facts showing that the responsible individual was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists," but that such individual "person [drew] the inference." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi, 391 F.3d at 1057 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 6, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/davi0634.14amd