UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS DAVIS, | No. 2:21-cv-0634 KJN P |
| Plaintiff, | |
| v. | ORDER |
| PAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, housed in the Sacramento County Jail, proceeding without counsel.[1] Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. On October 25, 2021, plaintiff filed a document he claims is his second amended complaint. As set forth below, plaintiff's filing is insufficient; therefore, plaintiff is granted an additional thirty days in which to file a signed second amended complaint that complies with prior screening orders, as well as the instant order.

First, plaintiff failed to sign the pleading. Fed. R. Civ. P. 11(a). Plaintiff is required to sign all documents submitted to the court for filing. Second, plaintiff's document fails to include a caption setting forth the name of each individual he is suing. Fed. R. Civ. P. 10(a). Third, Rule 8(a) of the Federal Rules of Civil Procedure articulates that the complaint must contain:

---

[1] Plaintiff is an AB 109 inmate serving his prison sentence in county jail. (ECF No. 6.)

1

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Indeed, the federal rules provide an official Appendix of Forms "intended to indicate the simplicity and brevity of statement which the rules contemplate." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (citing Fed. R. Civ. P. 84.)[2] The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1177. This court's civil rights form incorporates such simplicity and brevity, providing boxes for prisoners to mark the appropriate cause of action. Plaintiff is not required to provide evidence or exhibits or cite legal authorities in his proposed second amended complaint; rather, he must simply state the facts upon which his putative claims are based.

      Fourth, plaintiff cannot state a cognizable civil rights claim based on any alleged delay in receiving a workers compensation form or being denied workers compensation benefits. In California, the Workers' Compensation Act grants the Workers' Compensation Appeals Board exclusive authority to hear claims "[f]or the recovery of [workers'] compensation, or concerning any right or liability arising out of or incidental thereto." Cal. Labor Code § 5300(a); see also U.S. Fid. & Guar. Co. v. Lee Invs. LLC, 641 F.3d 1126, 1134 (9th Cir. 2011). The statute establishes "exclusive jurisdiction within the workers' compensation system for 'all disputes over coverage and payment.'" Mitchell v. Scott Wetzel Servs., Inc., 227 Cal. App. 3d 1474, 1480 (1991). Because exclusive jurisdiction is vested in the California workers' compensation system, this court lacks jurisdiction over any claim pertaining to workers compensation.

---

[2] Indeed, the standard negligence complaint contains only three short paragraphs: "1. Allegation of jurisdiction. [¶] 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway. [¶] 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars. [¶] Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs." McHenry, 84 F.3d at 1177, citing Fed. R. Civ. P. Form 9.

1  Plaintiff is reminded that "[a] showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." (ECF No. 7 at 6, citation omitted.) "[E]ven gross negligence is insufficient to establish a constitutional violation." Id.

Finally, plaintiff cannot state a cognizable civil rights claim against an individual based solely on such individual's role in supervising another defendant. To prevail on a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

In conclusion, Rule 11(a) provides that the court must provide a party with an opportunity to re-submit the pleading bearing his signature. Fed. R. Civ. P. 11(a). Therefore, plaintiff is provided an additional thirty days in which to file a second amended complaint that bears his signature, clearly identifies each individual named as a defendant in the caption, and otherwise complies with this order and prior screening orders. Plaintiff is required to file his second amended complaint on the form used by this court.

Plaintiff is cautioned that failure to comply with this order will result in an order striking the unsigned second amended complaint and recommending that this action be dismissed based on plaintiff's failure to comply with court orders. Fed. R. Civ. P. 41(b).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to re-file a second amended complaint, using the court's form complaint, that bears his signature, clearly identifies the named defendants, and complies with this order and prior screening orders, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the

second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

    2. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint.

Dated: November 10, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/davi0634.14amd.eot