1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEMETRIUS JEVON DAVIS,                      No.  2:21-cv-0634 KJN P

12                    Plaintiff,

13            v.                                  ORDER

14    PAM, et al.,

15                    Defendants.

16

17        Plaintiff is a state prisoner, housed in the Sacramento County Jail, proceeding without

18    counsel.[1]  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis.

19    This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20    Plaintiff's second amended complaint is now before the court.  As discussed below, plaintiff is

21    granted one final opportunity to file a third amended complaint concerning the alleged delay in

22    receiving medical care.

23    Screening Standards

24        The court is required to screen complaints brought by prisoners seeking relief against a

25    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27

28    _____
      [1]  Plaintiff is an AB 109 inmate serving his prison sentence in county jail. (ECF No. 6.)

                                                  1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

13  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

14  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

15  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

16  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

17  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

18  McKeithen, 395 U.S. 411, 421 (1969).

19  Plaintiff's Pleading

20        Plaintiff names as defendants the Sacramento County Sheriff's Department, Dr. Masood,

21  Deputy A. Bryant (kitchen officer), and Tammy, a cook and kitchen supervisor, all employed at

22  the Rio Cosumnes Correctional Center.  However, in his second amended complaint, plaintiff

23  includes no charging allegations as to such defendants.  Rather, plaintiff states, in conclusory

24  fashion, that "[t]he defendant stop me from fil[ing] workers compensation paperwork and they

25  stop me from having stitches."  (ECF No. 13 at 3.)  Plaintiff states his claim is based on delay in

26  receiving workers compensation, being denied workers compensation benefits, and that he cut his

27  thumb to the nerve and now his thumb is, and always will be, numb.  Plaintiff seeks money

28  damages.

1  <u>Discussion</u>

2       In addition to failing to provide specific facts as to each named defendant, plaintiff's

3  pleading is too vague and conclusory to state a cognizable civil rights claim.

4       First, the November 10, 2021 order advised plaintiff that he cannot state a cognizable civil

5  rights claim based on any alleged delay in receiving a workers compensation form or being

6  denied workers compensation benefits.  (ECF No. 12 at 2.)  Because exclusive jurisdiction is

7  vested in the California workers' compensation system, this court lacks jurisdiction over any

8  claim pertaining to workers compensation.  (<u>Id.</u>)  Therefore, plaintiff should not include any

9  allegations concerning workers compensation in his third amended complaint.

10       Second, in the October 7, 2021 screening order, plaintiff was advised:

11            Given that plaintiff now has no feeling in his thumb, plaintiff may be
             able to state a cognizable Eighth Amendment claim based on the
12            three-week delay in having his finger treated by a doctor. But in order
             to do so, plaintiff must identify the individual responsible for the
13            delay, and also plead facts demonstrating that the individual acted
             with a culpable state of mind.[FN1]  It is unclear from the amended
14            complaint whether the delay was caused by the nurse or the doctor
             [or some other unidentified person], and the reason for the delay is
15            also unclear. Plaintiff may need to review his medical records to
             make such a determination. Plaintiff is cautioned that the court is
16            unable to serve an unidentified individual named as a defendant.

17            FN 1:  In demonstrating deliberate indifference, plaintiff must allege
             facts showing that the responsible individual was "aware of the facts
18            from which the inference could be drawn that a substantial risk of
             serious harm exists," but that such individual "person [drew] the
19            inference." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004)
             (internal quotes and citation omitted). "'If a prison official should
20            have been aware of the risk, but was not, then the official has not
             violated the Eighth Amendment, no matter how severe the risk.'"
21            <u>Toguchi</u>, 391 F.3d at 1057 (quoting <u>Gibson v. County of Washoe,
             Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of
22            medical malpractice or negligence is insufficient to establish a
             constitutional deprivation under the Eighth Amendment." <u>Toguchi</u>,
23            391 F.3d at 1060.  "[E]ven gross negligence is insufficient to
             establish a constitutional violation." Id. (citing <u>Wood v.
24            Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990)).

25  (ECF No. 10 at 5.)  Plaintiff was previously advised of the standards governing claims alleging

26  deliberate indifference to serious medical needs.  (ECF No. 7 at 5.)

27       Given that defendants Tammy and Deputy Bryant work in the kitchen, it is unclear how

28  they played a role in "stopping" plaintiff from getting stitches.  Although plaintiff names Dr.

Masood, plaintiff fails to set forth facts showing Dr. Masood's involvement in such delay. Despite such shortcomings, in an abundance of caution plaintiff is granted one final opportunity to file a third amended complaint limited to his claim that identified defendants delayed plaintiff's ability to get stitches resulting in permanent injury to his left thumb.  Plaintiff must specifically connect an individual defendant with the alleged delay and should include a brief summary of how his thumb was injured, as well as the nature of his permanent injury.  Plaintiff should not include previously named defendants who were not involved in such delay.  Rather, plaintiff must only name as defendants those individuals he claims are responsible for the delay.

Leave to Amend

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
2  make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended
3  complaint be complete in itself without reference to any prior pleading.  This requirement is
4  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
5  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the
6  original pleading no longer serves any function in the case.  Therefore, in a third amended
7  complaint, as in an original complaint, each claim and the involvement of each defendant must be
8  sufficiently alleged.  Plaintiff is provided the form complaint he must use to file his third
9  amended complaint.
10    In accordance with the above, IT IS HEREBY ORDERED that:
11    1.  Plaintiff's second amended complaint is dismissed.
12    2.  Plaintiff is granted thirty days from the date of service of this order to file a third
13  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
14  of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the
15  docket number assigned this case and must be labeled "Third Amended Complaint."
16  Failure to file a third amended complaint in accordance with this order will result in a
17  recommendation that this action be dismissed.  Local Rule 110; Fed. R. Civ. P. 41(b).
18    3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights
19  complaint by a prisoner.
20  Dated:  January 18, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/davi0634.14amd2

5